USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

Petitioners,

-against-

AMCC INDUSTRIES INC.,

Respondent.

1:23-cv-11142 (MKV)

**ORDER GRANTING PETITION TO CONFIRM AN ARBITRATION AWARD**

---

MARY KAY VYSKOCIL, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds, Trustees of the New York City Carpenters Relief and Charity Fund (the "Funds"), and the Carpenter Contractor Alliance of Metropolitan New York (the "Union") (collectively, "Petitioners") seek confirmation of an arbitration award entered against Respondent AMCC Industries Inc. ("Respondent") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

For the reasons discussed below, the unopposed petition is GRANTED.

1

## BACKGROUND

The Funds are trustees of a collection of ERISA trust funds and trustees of a 501(c)(3) charitable organization. *See* Petition to Confirm an Arbitration Award ¶¶ 4-5 [ECF No. 1] ("Pet."). The Union "is a New York not-for-profit corporation." Pet. ¶ 6. Respondent "is a business entity incorporated under the laws of the State of New York." Pet. ¶ 7.

On December 27, 2018, Respondent assented to the terms of a Project Labor Agreement ("PLA"). *See* Project Labor Agreement - - Letter of Assent [ECF No. 1-1] ("Letter of Assent"). Pursuant to the PLA, Respondent agreed "to be bound by the legally established collective bargaining agreements and local trust agreements" set forth in the PLA. Letter of Assent ¶ 2. These agreements included the "Independent Building Construction Agreement" (the "CBA") and the "Revised Statement of Policy for Collection of Employer Contributions" (the "Collection Policy"). Pet. ¶¶ 10, 14.

The CBA required Respondent to contribute money to the Funds and provide "books and payroll records" to the Funds for auditing. Pet. ¶¶ 11-12. The CBA provided for arbitration in the case of a dispute between Respondent and the Funds. *See* Ex. C Art. XV § 7 [ECF No. 1-3]. The Collection Policy designated a set of individuals to serve as arbitrators in the event of any such dispute, and required periodic auditing of Respondent's books and records. Pet. ¶¶ 16-17. Both the CBA and Collection Policy entitled the Funds to collect from Respondent unpaid contributions, interest on unpaid contributions, liquidated damages, audit costs, and "reasonable costs and attorneys' fees" in the case of litigation or arbitration. Pet. ¶ 18.

Petitioners conducted an audit of Respondent's books and records from October 7, 2019 through March 27, 2022 (the "Audit"). Pet. ¶ 20. Respondents failed to pay the amounts assessed as a result of the Audit, the cost of the Audit itself, and the legal fees associated with Petitioner's

enforcement of their right to conduct the audit. Pet. ¶ 21. Thereafter, Petitioners initiated arbitration (the "Arbitration"). *Id*. at ¶ 22.

The arbitrator held a hearing on December 8, 2022, pursuant to the CBA, and issued an award to Petitioners on December 27, 2022. [ECF No. 1-11] (the "Award"). The Award consisted of "the principal deficiency of $5,552.54," "interest of $1,024.55," "liquidated damages of $1,110.51," "promotional fund contributions of $29.75," "non-Audit interest of $280.93," "court costs of $400," "attorneys' fees of $1,500," "the arbitrator's fee of $1,000," and "audit costs of $3,515." Pet. ¶ 24. Prior to the Arbitration, Respondent had paid Petitioners $6,439.48, resulting in an Award of $7,973.80. *Id*. The arbitrator also "ordered interest to accrue [on the Award] at the annual rate of 6.75% from December 27, 2022" onward. Pet. ¶ 25. Respondent was present at the Arbitration and "agreed with the auditor's findings and with the amounts found due and owed." *See* The Award at 2.

Petitioners asks this Court to confirm the Award of $7,973.80. Pet. at 8. Petitioners also seek additional legal fees, pre- and post-judgment interest, and "further relief as is just and proper." *Id*. Petitioners served Respondent on December 29, 2023. [ECF No. 7]. Respondent has failed to appear or respond. On July 8, 2025, Petitioners requested that their Petition be reviewed as an unopposed motion for summary judgment. [ECF No. 11].

## LEGAL STANDARD

"Section 301 of the [LMRA] . . . provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *New York Hotel & Gaming Trades Council, AFL-CIO v. 123 Washington LLC*, No. 24 CIV. 7213 (KPF), 2025 WL 2223248, at *5 (S.D.N.Y. Aug. 5, 2025) (quoting *Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). "[A] district court should treat an unanswered . . . petition to

confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

An unopposed motion for summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also D.H. Blair & Co.*, 462 F.3d at 110. However, when reviewing an arbitration award, a court may not replace "the arbitrator's view of the facts and the meaning of the contract" with its own view. *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). Instead, a court should "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id*. "[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Platinum Specialty Servs., Inc.*, No. 19 CIV. 7417 (PAE), 2019 WL 4267519, at *2 (S.D.N.Y. Sept. 10, 2019) (quoting *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)).

## ANALYSIS

### I. Confirmation of the Arbitration Award

Petitioner's seek confirmation of the Award. Pet. at 8. The text of the CBA provides for arbitration in case of a dispute between the parties. *See* Ex. C Art. XV § 7 [ECF No. 1-3]. The arbitrator acted within the scope of his authority. *Id*. ("The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages"). The arbitrator documented the appearance of both the Petitioners' and the Respondent's attorneys, analyzed the CBA, and

4

evaluated the auditor's testimony. *See* Award at 2. He provided more than a "barely colorable" justification for the Award.

Respondent offers no basis to challenge the Award. Therefore, the Court confirms the Award of $7,973.80.

**II. Attorneys' Fees**

Petitioners also seek attorneys' fees and costs. Pet. at 8. Attorneys' fees are appropriate here. Respondent participated in the arbitration, was served with the Petition to confirm the Award, but failed to participate in this action. The Second Circuit has made clear that "when a challenger refuses to abide by an arbitrator's decision without justification, attorneys' fees and costs may properly be awarded." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819-20 (2d Cir. 2022) (quoting *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Additionally, the terms of both the CBA and the Collection Policy provide for an award of attorneys' fees in connection with the enforcement of the underlying arbitration award. *See* Ex. C Art. XV § 6(a)(4) [ECF No. 1-3] ("In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action"); *see also* Ex. H § IV(11) [ECF No. 1-8] ("If the matter proceeds to arbitration or litigation, the employer will be responsible for all . . . attorneys' fees).

Petitioners seek $2,263 in attorneys' fees for 7.3 hours of work and $83 in costs relating to this action. Pet. ¶¶ 37-38. These are reasonable rates. Petitioners are sophisticated parties who frequently litigate in this District and are able to negotiate fees with their lawyers. Additionally,

5

other courts in this District have awarded similar attorneys' fees. *See Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. BP Interiors Corp.*, No. 23 CIV. 10692 (VM), 2024 WL 4150726, at *1 (S.D.N.Y. Aug. 5, 2024) (awarding $2,542.00 in attorneys' fees and $80.00 in costs); *Trs. of the New York City Dist. Council of Carpenters Pension Fund v. AAA Windows & Doors Corp.*, No. 1:25-CV-2646-GHW, 2025 WL 1898539, at *7 (S.D.N.Y. July 8, 2025) (awarding $3,925.50 in attorneys' fees and $542.90 in costs). The Court therefore awards Petitioners a total of $2,346 in attorneys' fees and costs.

### III. Pre and Post Judgment Interest

Finally, Petitioners' seek pre-judgment and post-judgment interest. Pet. at 8.

The Court grants Petitioners' request for pre-judgment interest from December 27, 2022, at an annual rate of 6.75%. *Id*. "Whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am. v. Homeric Contracting Co. Inc.*, No. 24-CV-7273 (JGK), 2025 WL 315827, at *3 (S.D.N.Y. Jan. 28, 2025) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)). The arbitrator awarded post-Award interest, and the Court sees no reason to vacate that aspect of the Award. *See* the Award at 3. Therefore, the Court grants Petitioners' request for pre-judgment interest at an annual rate of 6.75% from December 27, 2022 to the date of judgment.

Petitioners also seek post-judgment interest. Pet. at 8. Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "The award of post-judgment interest is mandatory on awards in civil cases as of the date

judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). As such, the Court awards post-judgment interest to accrue from the date that judgment is entered until payment is made by Respondent.

## CONCLUSION

The petition to confirm the arbitration award is GRANTED. The Court awards judgment in Petitioners' favor in the amount of: (i) $7,973.80, plus 6.75% interest from December 27, 2022 to the date of judgment; (ii) an additional $2,346 in attorneys' fees and costs related to this action; and (iii) post-judgment interest at the statutory rate accruing from the date of judgment until Respondent has paid the full Award.

The Clerk of the Court is respectfully requested to enter judgment and to close this case.

**SO ORDERED.**

Date: **November 18, 2025**
      **New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**